IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CASIE PHILEMON,<br><br>                             *Plaintiff,*<br>      v.<br><br>V. R. VEERAPALLI, M.D., P.C., *et al.*<br><br>                          *Defendants*. | CIVIL NO. 3:22-cv-25<br><br>MEMORANDUM OPINION AND ORDER<br><br>JUDGE NORMAN K. MOON |

       This matter is before the Court on the parties' joint motion for approval of settlement, Dkt. 15. For the following reasons, that motion is hereby GRANTED.

       Plaintiff's claims in this case arise under the Fair Labor Standards Act ("FLSA"). Before approving a settlement in a FLSA case, the Court must review and approve the settlement for its fairness to the settling employees. *See, e.g., Boone v. City of Suffolk, Va.*, 79 F.Supp.2d 603, 605 (E.D.Va. 1999); *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). This standard is similar to the standard used to evaluate class-action settlements pursuant to Federal Rule of Civil Procedure 23, which requires a settlement to be "fair, reasonable, and adequate."

       To determine whether the settlement is "fair, adequate, and reasonable," the Court considers whether it was negotiated at arm's length and should balance the likely outcome at trial and the expense and duration of further litigation against the amount offered in settlement. *See Boyd v. Bechtel Corp.*, 485 F.Supp. 610, 617, 625 (N.D. Cal. 1979); *see also Flinn v. FMC Corp.*, 528 F.2d 1169, 1172-74 (4th Cir. 1975). "[A]n FLSA settlement generally should be

approved if it reflects 'a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Blasic v. Md. State Dental Ass'n*, No. DKC 19-1291, 2020 WL 1663128, at *1 (Apr. 3, 2020) (quoting *Lynn's Food*, 679, F.2d at 1355). First, the Court must determine if there are FLSA issues "actually in dispute." *Id.* (quoting *Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2 (D. Md. Aug. 31, 2011) (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241–42 (M.D. Fla. 2010)). Then, to assess the proposed settlement agreement for fairness and reasonableness, the Court weighs factors including: "'(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel ...; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.'" *Id.* (quoting *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-cv-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009) (citing also *Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 09-cv-00058, 2010 WL 1813297, at *1 n.1 (W.D. Va. May 5, 2010)).

The joint motion to approve settlement agreement indicates that there are FLSA issues actually in dispute. It explains that Plaintiff is a former medical assistant who alleges she worked over forty hours per week for a medical practice and its operators, without the compensation that the FLSA requires. Dkt. 15 at 1. Under the settlement, Plaintiff would receive a gross sum of $52,500.00. *Id.* at 2; *Id.* (Ex. 1) at 1–2. This amount, they explain, compensates for her unpaid overtime and includes 68.3% of her liquidated damages claim. Dkt. 15 at 2. The joint motion also notes that "[n]o amount of Plaintiff's recovery is being reduced pursuant to a contingency agreement with her counsel, and Plaintiff's counsel's sole compensation in this case is $8,500.00 agreed between the parties." *Id.* (internal citations omitted).

The Court must review the proposed attorney's fees for reasonableness, using "the principles of the traditional lodestar method as a guide." *Almodova v. City and County of Honolulu*, No. 07-00378, 2010 WL 1372298, at *7 (D. Haw. Mar. 31, 2010); *see also, e.g.*, *Soto v. Cemex, Inc.*, 6:08-cv-669, 2010 WL 1742095, at *3 (M.D. Fla. Apr. 1, 2010); *Comstock v. Florida Metal Recycling, LLC*, No. 08-81190-CIV, 2009 WL 1586604, at *2 (S.D. Fla. June 5, 2009). The lodestar method dictates that a court determines a reasonable fee through multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). And "there is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may not be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). The settlement agreement states that Plaintiff's attorney will receive $8,500, Dkt. 15 (Ex. 1) at 2, and the Court finds this amount to be reasonable.

The parties argue that the extent of discovery that has taken place "does not impede the Court finding that the offered amounts [in the settlement] are fair and reasonable." *Id.* at 3. The parties contend that formal discovery, including taking depositions, "would not have substantially increased the amount of information that either party has in order to evaluate and enter this settlement agreement." *Id.* Thus, Plaintiff and Defendants "conserved their formal discovery efforts to obtaining payroll data and otherwise examining the opposing parties' respective claims." *Id.* Because Plaintiff "had substantially complete payroll records for herself," extensive discovery was not needed. *Id.*

The parties also argue that the relatively early stage of proceedings at which they reached settlement "does not impede the Court finding that the offered amounts are fair and reasonable."

*Id.* They argue that "[t]his relatively early stage of the proceeding allowed the parties to devote resources to settlement, and avoid the increase in fees/costs, in contrast to discovery and motions practice." *Id.* Plaintiff alleged $77,625.12 as her maximum damages, therein including liquidated damages. *Id.* at 2. Defendants maintained liquidated damages would not be appropriate in this case and any damages would be subject to a two-year look-back period for the statute of limitations. *Id.* The parties decided that "[e]ven though liability is vehemently denied, the amount in controversy is not worth the costs associated with protracted litigation." *Id.* This gave way to the early settlement, and when "the parties were 'close' to a resolution of Plaintiff's unpaid overtime and liquidated damage claims," they were then able to negotiate attorneys' fees and costs, which were reduced from Plaintiff's original demand to reach the overall settlement.

The parties argue that there has been no fraud or collusion. Per their joint motion, they "negotiated through transparent, arms-length negotiations that were susceptible to mathematical calculation and adjustment." *Id.* at 4. They also argue that "[t]he fees to be paid to Plaintiff's counsel are modest, [] Plaintiff's counsel even accepted a discount in fees in order to facilitate an ultimate resolution," and the fees/costs were "negotiated after the parties made substantial progress towards [] resolving the wage and liquidated claims of the Plaintiff." *Id.* at 4.

Parties also argue that Plaintiff's counsel's experience weighs in favor of settlement approval. Plaintiff's counsel "is experienced in wage/hour matters and has over two decades of experience in employment law generally." *Id.*

Regarding probability of success on the merits, both Plaintiff and Defendants strongly feel that they could have been successful. The parties explain that "Plaintiff feels strongly that Plaintiff's claims would have been successful in all regards." *Id.* Meanwhile, "Defendants feel equally strong in denying the amount and substance of Plaintiff's claims, and further believe[]

that any violations in the manner of calculating overtime, *assuming arguendo* their merit, are de minimis and non-willful." *Id.*

Finally, the parties argue that, as Plaintiff is receiving 68.3% of her maximum damages, including liquidated damages, the amount of settlement in relation to potential recovery "weighs in favor of full approval of the Settlement Agreement." *Id.*

Because the Court agrees with the parties, the motion to approve the Settlement Agreement is hereby GRANTED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: This __10th__ Day of February, 2023.

*[Signature]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE